UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE
INSURANCE COMPANY,

    Plaintiff,

                v.

AUDREY BREWER, ALICIA
WILSON, DEMAREE HEEREN,

    Defendants.
_____/

Civil Action No. 15-11269
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO
RELEASE INTERPLEADER FUNDS PURSUANT TO THE
SETTLEMENT AGREEMENT AND TO TERMINATE THIS ACTION**

The above-captioned life insurance interpleader action was referred to this Court to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 11]. On June 18, 2015, the Court held a telephonic status conference, during which the parties agreed to the following resolution:

> The Plan Benefits[1], plus any applicable interest, will be split equally between Defendants Alicia Wilson and Demaree Heeren, and Defendant Audrey Brewer relinquishes any right, interest, or claim she had, has, or may obtain to the Plan Benefits.

---

[1] "Plan Benefits" is a defined term that refers to Claude Brewer's life insurance proceeds from the General Motors Plan. [*See* R. 1, PgID 1, 4].

To finalize the agreed on resolution, the Court had each defendant sign and return a Settlement Statement. [R. 13]. Wilson and Heeren each returned their signed Settlement Statement on June 26, 2015. Craig A. Merritt holds durable power of attorney for Brewer; he signed and returned the Settlement Statement for Brewer on June 30, 2015. The three signed Settlement Statements – along with correspondence from Merritt and a copy of the executed and notarized Durable Power of Attorney he holds for Brewer – are attached to this Report and Recommendation.

Therefore, this Court recommends that the Plan Benefits, plus any applicable interest, be disbursed equally between Wilson and Heeren, and that this action be terminated.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: June 30, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

2

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 30, 2015.

                                             s/Marlena Williams
                                             MARLENA WILLIAMS
                                             Case Manager